UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LEROY L. BAINES, JR**
            Plaintiff,

Case No.: _____

**COMPLAINT**

vs.

**FIRSTSOURCE ADVANTAGE LLC,**
            Defendant,

Jury Trial: ☒ Yes ☐ No

---

## INTRODUCTION

1. This is a civil action for actual, punitive, statutory damages and costs brought by Leroy L Baines, Jr., hereinafter, ("Plaintiff") an individual consumer, against defendant, FirstSource Advantage LLC, hereinafter ("Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA").

## BASIS OF JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p) and 28 U. S. C § 1331.Venue is proper in this judicial district pursuant to 28 U.S. C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim occurred in this judicial district. The Defendant transact business in Orlando, Florida.

3. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

4. Plaintiff, Leroy L. Baines Jr is a natural person and consumer as defined by 15 U.S.C. § 1681a(c), residing in Winter Springs, Florida.

5. According to information and belief, Defendant, FirstSource Advantage LLC, is a New York corporation. Service of process for defendant is C T Corporation System 1200 South Pine Island Rd, Plantation FL 33324.

6. Defendant is "debt collectors" as that term is defined by 15 U.S.C. § 1692a (6).

7. The acts of Defendant as described in this Complaint were performed by Defendant by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

8. On or about April 21, 2024. Plaintiff reviewed his TransUnion (File Number 323276196) consumer report.

9. Defendant FirstSource Advantage LLC unauthorized inquiry was made on 12/23/2022, See Exhibit A

10. Plaintiff never initiated a consumer transaction with Defendants nor had an account with the defendants.

11. Plaintiff never gave any consent to Defendants to access his consumer report.

12. Plaintiff has the interest and right to be free from deceptive, misleading collections efforts.

## **PLAINTIFF DAMAGES**

13. Plaintiffs have the interest and right to privacy from individuals including defendants of unauthorized access of personal identifiable information on his consumer report.

14. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendant to Plaintiff specifically.

15. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered emotional distress from the Defendant unauthorized access of his credit report.

16. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has experienced a violation of his privacy. This intrusion into the plaintiff's personal information has resulted in feelings of vulnerability, concern, and anxiety, leading to sleep disturbance.

17. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has experiences distress and frustration due to the violation of his privacy.

18. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has sustained significant loss of time due to conducting research and acquiring knowledge to defend against defendants' invasion of privacy.

19. Plaintiff's injury is directly traceable to defendant's conduct because if it weren't for the defendant conduct, Plaintiff would not have been deprived of his rights and would not have been subject to the emotional distress, anxiety, worry and invasion of privacy caused by the defendants' actions.

20. Defendant's conduct as described in this complaint was willful, with the purpose to either harm the Plaintiff or with reckless disregard for the harm to Plaintiff that could result from defendant's conduct.

21. Plaintiff justifiably fears that, absent this court's intervention, defendants will continue to use abusive, deceptive, unfair, and unlawful means to attempts to collect alleged debts and invade consumers privacy by continuing to access consumers information without permissible purpose.

22. The deprivation of Plaintiff's rights will be redressed by favorable decision herein.

23. A favorable decision herein would redress Plaintiff's injury with money damages.

24. A favorable decision herein would serve to deter Defendant from further similar conduct.

25. This action is timely filed and falls within the statute of limitations in accordance with the 15 U.S.C. § 1681p (1) 2 years after the date of discovery by the plaintiff of the violation. (2) 5 years after the date on which the violation that is the basis for such liability occurs.

## COUNT 1 VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C § 1681b(f) DEFENDANTS CREDIT CONTROL LLC

26. All preceding paragraphs are realleged.

27. Defendants' actions violated 15 U.S.C. § 1681b(f). Permissible Purpose.

28. The Defendant violations include but are not limited to the following:

   a) Defendant violated 15 U.S.C. § 1681b(f) by failing to have permissible purpose to obtain Plaintiffs consumer report pursuant to 15 U.S.C. § 1681b.

b) Defendant did not have a court order to obtain Plaintiffs consumer report.

c) Plaintiff never gave written permission for the Defendant to obtain his consumer report.

d) Plaintiff does not have an account, which is defined under and has the same meaning under the Electronic Funds Transfer Act 15 U.S.C. § 1693a (2), with Defendant.

e) Pursuant to the Electronic Funds Act 15 U.S.C. § 1693a the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(i) [1] of the title), as described in the regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

f) Defendant does not have an account with the Plaintiff according to the definition above.

29. As a result of this conduct, Plaintiff suffered damage of invasion of privacy which in turn caused anxiety, emotional distress, a lot of time wasted, and loss of sleep.

30. As a result of the Defendants violation of the Fair Credit Reporting Act, the Defendants is liable under 15 U.S.C. § 1681n(a)(1)(B) for damages per violation and 15 U.S.C. § 1681n(a)(2)

## JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Leroy L. Baines, Jr, respectfully demands a jury trial and request that judgment be entered in favor of the Plaintiff against the Defendant for:

a) Violating the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

b) Damages pursuant to 15 U.S.C. § 1681n(a)(1)(B).

   c) Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2) and for such other and further relief as the court may deem just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint; (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost if litigation; (2) is supported by existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep the current address on file with the Clerk's Office may result in the dismissal of my case.

DATED this 23 day of April 2024.

Name: Leroy L Baines Jr
Address: 909 Gazell Trl Winter Springs FL 32708
Email: bainesleroy85@gmail.com
Phone:(407) 752-6645